UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WELLS FARGO BANK, N.A., SUCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE F/K/A NORWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF RENAISSANCE HOME EQUITY LOAN ASSET-BACKED CERTIFICATES SERIES 2003-4,<br>    Plaintiff,<br><br>v.<br><br>MARIA L. STEPHENS, REZA STEPHENS, and ELTONYA THOMPSON N/K/A PRINCESS QUIET HAWK,<br>    Defendants. | CIVIL ACTION NO.:<br><br>3:14-cv-1982 (VLB)<br><br>October 29, 2015 |

**MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING ITS MOTION FOR COSTS AND ATTORNEY FEES**

Plaintiff Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the Registered Holders of Renaissance Home Equity Loan Asset-Backed Certificates Series 2003-4 ("Wells Fargo") brought a foreclosure action in Connecticut Superior Court against Defendants Maria L. Stephens, Reza Stephens, and Eltonya Thompson n/k/a Princess Quiet Hawk (collectively, "Defendants"). Defendants, proceeding pro se, removed the action to this Court. Wells Fargo now moves to remand the action back to state court and for costs and attorney fees. For the following reasons, the Court GRANTS the motion to remand and DENIES the motion for costs and attorney fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

In Connecticut Superior Court, Wells Fargo sought foreclosure of Connecticut real property based on Defendants' alleged breach of a mortgage contract. ECF No. 1 (Notice of Removal) at 10–16 (Compl.). The December 2014 complaint alleged that the unpaid balance on the mortgage was $35,307.37, plus interest and costs, and, as required by state law, made a demand for $15,000 or more, exclusive of interest and costs. *Id.* at 11, 15.

On December 31, 2014, Defendants removed the action to this Court. ECF No. 1 (Notice of Removal). The notice of removal invokes federal question and diversity jurisdiction, but the bases for doing so are less than clear. *Id.* at 5. With respect to federal question jurisdiction, Defendants cite various rules, civil rights statutes, criminal statutes, and Constitutional provisions, but the crux of their argument appears to be that the foreclosure action discriminates against them because they are "Indigenous American Nationals." *Id.* at 1–3, 5. With respect to diversity jurisdiction, the notice of removal does not allege Defendants' respective citizenships, the citizenship(s) of Wells Fargo, or an amount in controversy. *See generally id.*

In a motion filed on April 6, 2015, Wells Fargo moves to remand and for costs and attorney fees. ECF No. 8 (Mot.). Wells Fargo argues that the action should be remanded "due to a want of jurisdiction and other procedural defects." ECF No. 8-1 (Mem.) at 1. Wells Fargo reasons that the Court lacks federal question jurisdiction because none of the provisions cited by Defendants apply

2

to this action and that the Court lacks diversity jurisdiction because Defendants are Connecticut citizens. *Id.* at 3–7. Wells Fargo also argues that Defendants failed to comply with this Court's standing order. *Id.* at 5. Wells Fargo's memorandum of law contains no section supporting its motion for costs and attorney fees. *Id.*

## Discussion

I.   Motion to Remand

Wells Fargo argues that the Court should remand the action "due to want of jurisdiction and other procedural defects." ECF No. 8-1 (Mem.) at 1. The Court cannot remand the action as a result of "other procedural defects" because Wells Fargo waited 96 days before moving to remand.[1] *See* 28 U.S.C. 1447(c) (requiring that motion to remand based on defects other than subject matter jurisdiction be filed "within 30 days after the filing of the notice of removal under section 1446(a)"). The Court will therefore only consider whether it lacks subject matter jurisdiction over the action.

A case filed in state court may not be removed unless the federal district court possesses original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of proving jurisdiction. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d

---

[1] This includes Wells Fargo's "jurisdictional" argument that Defendants may not remove because they are citizens of Connecticut. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) (observing that rule prohibiting removal by forum defendant is waivable).

3

298, 301 (2d Cir. 1994). The removing party meets its initial burden of proving jurisdiction by filing a notice of removal "containing a short a plain statement of the grounds for removal," 18 U.S.C. § 1446(a), which "tracks the general pleading requirement contained Federal Rule of Civil Procedure 8(a)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553, (2014). A notice of removal does not give a federal district court jurisdiction if "neither the complaint nor the notice of removal alleges facts that establish jurisdiction." 16 *Moore's Federal Practice* § 107.30[2][a] (Matthew Bender 3d ed.).

Liberally construed, Defendants' notice of removal invokes two grounds for jurisdiction: federal question jurisdiction and diversity jurisdiction. Neither ground applies. For federal question jurisdiction to exist, the cause of action must arise under the laws of the United States. 28 U.S.C. § 1331. As a general rule, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). A federal cause of action does not arise out of a defense or counterclaim. *See New York v. Shinnecock Indian Nation,* 686 F.3d 133, 138 (2d Cir. 2012). Federal question jurisdiction does not exist in this case because the complaint's allegations, which arise from a foreclosure action on real property based on a breach of mortgage contract, do not raise an issue of federal law. *See Astoria Fed. Sav. & Loan Ass'n v. Arcamone,* 2012 WL 4355550, at *1 (D. Conn. Sept. 18, 2012) (remanding because the foreclosure action "raises only issues of state law").

**Defendants' citations to various rules, civil rights statutes, criminal statutes, and Constitutional provisions are generally nonsensical, but Defendants do attempt to invoke a valid exception to the well-pleaded complaint rule: 28 U.S.C. § 1443, which permits the removal of certain civil rights cases.** *See Rogers v. Rucker*, 835 F.Supp. 1410, 1412 (N.D. Ga. 1993) (describing § 1443 as "a statutory exception to the well-pleaded complaint rule"). **This statutory exception, however, does not apply here. Section 1443(1) does not apply because, at best, Defendants conclusorily allege that the foreclosure proceeding was being administered in a racially discriminatory manner.** *See Rizzitelli v. Thompson*, 2014 WL 3819212, at *3 (D. Conn. Aug. 4, 2014) ("To support removal under § 1443(1), it is not sufficient merely to allege that a law, fair on its face, is being administered in a discriminatory manner." (alterations and internal quotation marks omitted)). **Section 1443(1) also does not apply because Defendants' notice of removal does not allege that the alleged civil rights violations could not be redressed in state court.** *See Georgia v. Rachel,* **384 U.S. 780 (1966) (holding that the exception applies only where right cannot be enforced in state court). Section 1443(2) does not apply because Defendants are not state officers or individuals permitted to assist them.** *See White v. Wellington,* **627 F.2d 582, 585 (2d Cir. 1980) ("[T]he legislative history limits those able to remove thereunder to state officers, and those acting with or for them including local and municipal officials.").**

**Diversity jurisdiction also does not apply.**[2]  **For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the action is between, as relevant here, citizens of different states.  28 U.S.C. § 1332(a)(1).  The statute requires complete diversity, i.e., the citizenships of all defendants must be different from the citizenships of all plaintiffs.  *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).  Defendants do not meet their initial burden with respect to either the amount in controversy or complete diversity.  With respect to the amount in controversy, the complaint alleges that Defendants owe $35,307.37, exclusive of interests and costs, and the notice of removal does not make any allegations concerning the amount in controversy.  The extant allegations are therefore insufficient to satisfy the amount-in-controversy requirement, and remand is appropriate on this ground.  *See Lupo v. Human Affairs In't*, 28 F.3d 269, 273–74 (2d Cir. 1994) (holding "that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction").  With respect to complete diversity, neither the complaint nor the notice of removal alleges facts suggesting the citizenship of any party.  The extant allegations are therefore insufficient to demonstrate complete**

---

[2] **The Court considers the issue *sua sponte* because Wells Fargo does not articulate any valid reason for objecting to Defendants' invocation of diversity jurisdiction.  As already discussed, the fact that Defendants may be citizens of Connecticut does not mean diversity jurisdiction is lacking.**

diversity, and remand is appropriate on this ground as well. *See Cats Co. v. TIG Ins. Co.*, 2001 WL 747283, at *1 (S.D.N.Y. July 3, 2001) (remanding action because "neither the complaint nor the notice of removal alleges the citizenship of each of the partners of the plaintiff").

II.     <u>Motion for Costs and Attorney Fees</u>

Wells Fargo also moves for costs and attorney fees, but its memorandum of law fails to cite any law or facts supporting the request. This error alone warrants denial. *Cf.* Local R. Civ. P. 7(a) (requiring a memorandum of law on disputed issues). Even if it were not, Defendants' removal is objectively reasonable for persons justifiably unfamiliar with the complex rules governing the interrelationship between federal and state court systems. *See Bleiberg v. Altvater*, 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002) (denying motion for costs and attorney fees "perhaps only in light of the defendant's *pro se* status"). Two other facts weigh against the award of costs and attorney fees: Wells Fargo's counsel, who are presumably familiar with the rules governing removal, waited 96 days before filing the instant motion and failed to assert facts concerning Wells Fargo's citizenship(s). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[A] plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.").

## CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED, and the motion for costs and attorney fees is DENIED.

IT IS SO ORDERED.

                                            _____/s/_____
                                            Hon. Vanessa L. Bryant
                                            United States District Judge

Order dated in Hartford, Connecticut on October 29, 2015.